IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

RODNEY HARRISON,

    Plaintiff,

vs.

LANCASTER COUNTY SHERIFF DEPT.,

    Defendant.

4:17CV3042

MEMORANDUM AND ORDER

Plaintiff filed his Complaint on March 28, 2017. (Filing No. 1.) He has been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff sues the Lancaster County Sheriff's Department. (Filing No. 1 at CM/ECF p. 2.) Liberally construed, he also sues Deputy Tyler Loos ("Loos") of the Lancaster County Sheriff's Department. (*See id.* at CM/ECF pp. 5, 10-11.) Plaintiff seeks $10,000 in damages. (*Id.*)

Plaintiff alleges that on March 29, 2017, Loos conducted a traffic stop of Plaintiff's vehicle because a light was out. (Filing No. 1 at CM/ECF p. 10.) Plaintiff maintains, however, that the stop was without probable cause. (*Id.* at CM/ECF pp. 8, 5-11.) He also alleges that Loos made the stop on account of his race, stating, "Loos rode parallel to his vehicle [with direct] and prolonged extensive observation" prior to the stop so that Loos "knew the vehicle was driven by a black man." (*Id.* at CM/ECF p. 8, 10.)

Plaintiff alleges that Loos cited Plaintiff for driving under suspension even though Plaintiff informed Loos during the stop that he had a temporary driver's license. (*Id*. at CM/ECF pp. 4, 8, 10.) [1] Plaintiff asserts that Loos made reference to prior stops as the basis for the citation, so Plaintiff believes that Loos cited him for a previous violation. (*Id*. at CM/ECF p. 8.) Plaintiff also claims that his vehicle was illegally searched and seized when it was searched prior to being impounded for "driving under suspended driving privileges as such." (*Id*. at CM/ECF pp. 8, 10.) He then, "under duress," had to pay for reinstatement of his Nebraska identification card before the towing company would release his vehicle to him. (*Id*. at CM/ECF p. 11.)

After a trial, the Lancaster County Court found Plaintiff guilty of driving under suspension, a Class III misdemeanor, finding that Plaintiff's privileges to operate a motor vehicle in Nebraska were suspended as a result of his December 2015 conviction in Lancaster County Court for no proof of insurance. Plaintiff did not reinstate his privileges in the State of Nebraska until April 2, 2016, and the fact that the State of California reinstated his driving privileges in California on January 19, 2016, did not reinstate his driving privileges in the State of Nebraska.[2]

Plaintiff alleges that the "[un]lawful traffic stop" was the result of "[Un]Constitutional Policies, Procedures, Ordinances, and Laws [of] the County of Lancaster and the City of Lincoln . . . ." (Filing No. 1 at CM/ECF p. 8.) Specifically, Plaintiff alleges that the citation process used by the Lancaster County Sheriff's Department and the traffic/municipal courts is unconstitutional,

---

[1] PDF of JUSTICE document for *State v. Rodney Harrison*, Lancaster County Court Case No. CR 16-6096, at https://www.nebraska.gov/justice//case.cgi; *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records).

[2] *Id*.

because an issued citation is not signed by a "judicial officer," in violation of the "Separation of Powers." (*Id*. at CM/ECF pp. 8, 11-12.)

## II.  APPLICABLE STANDARDS OF REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting

3

under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION

### A. Lancaster County Sheriff's Department

The court liberally construes Plaintiff's claims against the Lancaster County Sheriff's Department as claims against Lancaster County. *See Lott v. Ferrell*, 109 F. App'x 827, 828 (8th Cir. 2004) (claims against the Jail and Sheriff's Department were against the County). As a municipal defendant, Lancaster County may only be liable under section 1983 if its official "policy" or "custom" caused a violation of the plaintiff's constitutional rights. *Doe By & Through Doe v. Washington Cnty.*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)). An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By & Through Jane Doe B v. Special Sch. Dist. of St. Louis Cnty.*, 901 F.2d 642, 645 (8th Cir. 1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986)). To establish the existence of a governmental custom, a plaintiff must prove:

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Here, Plaintiff alleges that Lancaster County has a policy or custom of unconstitutionally issuing citations without the signature of a "judicial officer." It is not a policy or custom of Lancaster County to issue a citation without the signature of a judicial officer. It is the law.

> It is hereby declared to be the policy of the State of Nebraska to issue citations in lieu of arrest or continued custody to the maximum extent consistent with the effective enforcement of the law and the protection of the public. In furtherance of that policy, except as provided in sections 42-928 and 42-929, any peace officer shall be authorized to issue a citation in lieu of arrest or continued custody for any offense which is a traffic infraction, any other infraction, or a misdemeanor and for any violation of a city or village ordinance. Such authorization shall be carried out in the manner specified in sections 29-422 to 29-429 and 60-684 to 60-686.

Neb. Rev. Stat. § 29-422 (West). *See also*, Neb. Rev. Stat. §§ 29-423 through 29-425 (content and service of citations). Liberally construed, Plaintiff may suggest that Lancaster County has a policy or custom of racial profiling. However, Plaintiff does not allege that a county policy making official had notice of, was deliberately indifferent to, or authorized the practice of racial profiling. Instead, Plaintiff's allegations are largely conclusory. Accordingly, Plaintiff has failed to allege sufficient facts to "nudge" his claims against Lancaster County across the line from conceivable to plausible under the *Jane Doe* standard.

**B. Loos**

Liberally construed, Plaintiff asserts claims against Loos, although he is not named as a defendant in the caption. *See Miller v. Hedrick*, 140 Fed. App'x 640, 641 (8th Cir. 2005) (citing *Rice v. Hamilton Air Force Base Commissary*, 720 F.2d 1082, 1085 (9th Cir. 1983) ("[A] party may be properly in a case if the allegations in the body of the complaint make it plain that the party is intended as a

defendant.")). The court must presume that he is sued in his official capacity.[3] The court construes a suit against Loos in his official capacity as a suit against Lancaster County.[4] Therefore, Plaintiff has failed to allege sufficient facts to "nudge" his claims against Loos across the line from conceivable to plausible for the same reasons that he failed to "nudge" his claims against Lancaster County across the line.

On the court's own motion, the court will provide Plaintiff an opportunity to file an amended complaint that states a claim upon which relief may be granted. Plaintiff shall file his amended complaint no later than **May 31, 2017**.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall file an amended complaint that states a claim upon which relief may be granted by **May 31, 2017**. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

2. The clerk of the court is directed to set a pro se case management deadline using the following text: **May 31, 2017**, check for amended complaint.

---

[3] *See Alexander v. Hedback*, 718 F.3d 762, 766 n.4 (8th Cir. 2013) ("'This court has held that, in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity.'") (quoting *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999)).

[4] *See Johnson, 172 F.3d at 535* ("A suit against a public employee in his or her official capacity is merely a suit against the public employer.").

Dated this 1st day of May, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge